**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **RASHEENA SHERISE WEARING,** <br> **Plaintiff,** <br><br> **v.** <br><br> **TRANSUNION CONSUMER SOLUTIONS,** <br> **Defendant.** | : <br> : <br> : <br> : <br> : <br> : <br> : <br> : | **CIVIL ACTION NO. 26-CV-7421** |

**MEMORANDUM**

**COSTELLO, J.** **OCTOBER 19, 2026**

Plaintiff Rasheena Sherise Wearing alleges that Defendant TransUnion Consumer Solutions ("TransUnion") violated the Fair Credit Reporting Act ("FCRA") by failing to remove four accounts from her credit report. For the following reasons, the Court will dismiss Wearing's Complaint.

## I. FACTUAL ALLEGATIONS AND PROCEDURAL HISTORY[1]

Wearing filed her Complaint in the United States District Court for the Middle District of Pennsylvania along with a Motion for Leave to Proceed *In Forma Pauperis*. (ECF Nos. 1, 2.) The Magistrate Judge assigned to her case granted Wearing leave to proceed *in forma pauperis* and held the case "in abeyance pending the screening of the complaint under 28 U.S.C. § 1915(e)(2)(B)." (ECF No. 4.) The Magistrate Judge subsequently transferred the case to this District, where Wearing resides, after directing her to show cause as to why the case should not be transferred or dismissed due to improper venue. (ECF Nos. 6, 7.)

[1] The following allegations are taken from Wearing's Complaint (ECF No. 1) and the docket for this case. The Court adopts the sequential pagination supplied by the CM/ECF docketing system.

According to the Complaint, TransUnion removed four accounts from Wearing's credit report—accounts with Digital FCU, Key Bank, Pentagon Federal Credit Union, and Navy Federal—on April 10, 2023. (Compl. at 2.) Wearing contends, however, that TransUnion has "continued to reinsert these accounts" without providing her five days of notice or "proof of their verification method" in accordance with 15 U.S.C. § 1681i. (*Id.*) She also alleges that the accounts "were inaccurate to begin with" and that TransUnion has "no regard for [her] rights to privacy." (*Id.*) She claims to have sent "over 25 disputes and made over 50 phone calls" to TransUnion in an effort to remove the disputed accounts but was told "their policies won't allow them to block the accounts." (*Id.*)

Wearing alleges that TransUnion's handling of these four accounts violates several provisions of the FCRA, including, 15 U.S.C. §§ 1681e(B) and 1681i(a).[2] (*Id.* at 1-2.) She claims these events have caused her "grave discomfort," that she fell into a "deep depression," and that she lost her job and is currently seeking a therapist. (*Id.*) She seeks removal of the four disputed accounts from her credit report and $20,000 in damages. (*Id.*)

## II. STANDARD OF REVIEW

Since Wearing is proceeding *in forma pauperis*, the Court is obligated to screen her Complaint and dismiss it if, among other things, it fails to state a claim. 28 U.S.C. § 1915(e)(2)(B)(ii). This standard requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). At the screening stage, the Court will accept the facts alleged in the *pro*

[2] The provisions cited in Wearing's Complaint do not line up with the numbering of the statute. The Court understands her to be claiming that TransUnion failed to follow certain procedures set forth in § 1681i of the FCRA, which governs cases of disputed accuracy.

*se* complaint as true, draw all reasonable inferences in the plaintiff's favor, and ask only whether the complaint, liberally construed, contains facts sufficient to state a plausible claim. *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021), *abrogation on other grounds recognized by Fisher v. Hollingsworth*, 115 F.4th 197 (3d Cir. 2024). Conclusory allegations do not suffice. *Iqbal*, 556 U.S. at 678; *see also Martinez v. UPMC Susquehanna*, 986 F.3d 261, 266 (3d Cir. 2021).

Furthermore, the Court must dismiss the Complaint if it lacks subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). A plaintiff commencing an action in federal court bears the burden of establishing federal jurisdiction. *See Lincoln Benefit Life Co. v. AEI Life, LLC*, 800 F.3d 99, 105 (3d Cir. 2015). The Court's continuing obligation to assure its jurisdiction includes an assessment of whether the plaintiff has standing to raise her claims. *Seneca Res. Corp. v. Township of Highland*, 863 F.3d 245, 252 (3d Cir. 2017) ("Our 'continuing obligation' to assure that we have jurisdiction requires that we raise issues of standing . . . sua sponte." (quoting *Ehleiter v. Grapetree Shores, Inc.*, 482 F.3d 207, 211 (3d Cir. 2007))).

## III. DISCUSSION

The FCRA was enacted "to ensure fair and accurate credit reporting, promote efficiency in the banking system, and protect consumer privacy." *Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 52 (2007). In the language of the FCRA, consumer reporting agencies "collect consumer credit data from 'furnishers,' such as banks and other lenders, and organize that material into individualized credit reports, which are used by commercial entities to assess a particular consumer's creditworthiness." *Seamans v. Temple Univ.*, 744 F.3d 853, 860 (3d Cir. 2014).

Consumer reporting agencies are required to "follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates." 15 U.S.C. § 1681e(b). To state a claim under this section of the FCRA, a plaintiff must plead the following elements: (1) inaccurate information was included in a credit report; (2) the inaccuracy was due to the consumer reporting agency's failure to follow reasonable procedures to assure maximum possible accuracy; (3) the consumer suffered an injury; and (4) that injury was caused by the inclusion of the inaccurate entry. *Cortez v. TransUnion, LLC*, 617 F.3d 688, 708 (3d Cir. 2010) (citing *Philbin v. Trans Union Corp.*, 101 F.3d 957, 963 (3d Cir. 1996)). The FCRA also "confers on a consumer a right to have the negative information on his or her credit report investigated for accuracy." *Klotz v. Trans Union, LLC*, 246 F.R.D. 208, 211 (E.D. Pa. 2007). In that regard, if a consumer disputes the completeness or accuracy of information contained in her file, the credit reporting agency must "conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate." 15 U.S.C. § 1681i(a)(1)(A). To establish that a consumer reporting agency is liable for failing to reinvestigate a dispute under the FCRA, the consumer must establish that the consumer reporting agency had a duty to do so, and that it would have discovered a discrepancy had it undertaken a reasonable investigation. *Cortez*, 617 F.3d at 713 (citing *Cushman v. Trans Union Corp.*, 115 F.3d 220, 226 (3d Cir. 1997)). A consumer reporting agency "may terminate a reinvestigation of information disputed by a consumer . . . if the agency reasonably determines that the dispute by the consumer is frivolous or irrelevant, including by reason of a failure by a consumer to provide sufficient information to investigate the disputed information." 15 U.S.C. § 1681i(a)(3)(A).

To proceed under either § 1681e(b) or § 1681i(a), a plaintiff must allege that the reported information was in fact inaccurate. *Bibbs v. Trans Union LLC*, 43 F.4th 331, 342-43 (3d Cir.

2022); *see also Angino v. Trans Union LLC*, 784 F. App'x 67, 69 (3d Cir. 2019) ("To prevail under [a § 1681e(b) claim or a § 1681i(a) claim],. . . the [plaintiffs] must show that their credit report contains inaccurate information."). A court "does not need to reach or consider the reasonableness of a credit reporting agency's procedures under 15 U.S.C. § 1681e or the reasonableness of a credit reporting agency's reinvestigation under § 1681i unless the information contained in the report is inaccurate." *Holland v. Trans Union LLC*, 574 F. Supp. 3d 292, 297-98 (E.D. Pa. 2021). A consumer report is inaccurate "when it is patently incorrect or when it is misleading in such a way and to such an extent that it can be expected to have an adverse effect." *Schweitzer v. Equifax Info. Sols. LLC*, 441 F. App'x 896, 902 (3d Cir. 2011) (*per curiam*) (citation modified). "[I]nformation that is technically accurate but materially misleading is sufficient to trigger § 1681i(a), just as it is for § 1681e(b)." *Bibbs*, 43 F.4th at 345. A court applies a reasonable reader standard to determine the accuracy of an entry in a report, and considers whether the entry, read in the context of the report in its entirety, is inaccurate or ambiguous. *Id.* at 342.

A plaintiff must also establish that she has standing to bring an FCRA claim. *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016). To do so, she must "clearly allege facts demonstrating" that she "(1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Id.* (alterations and citations omitted). As to the first requirement, a plaintiff's injury must be concrete and particularized. *TransUnion LLC v. Ramirez*, 594 U.S. 413, 423-24 (2021). A statutory violation does not automatically translate into standing to sue. *Id.* at 425-26. Rather, a plaintiff must allege either tangible harm—such as physical or monetary harm—or intangible harm that bears "a close relationship to harms traditionally recognized as providing a basis for

lawsuits in American courts," which can include disclosure of private information. *Id.* at 425. To establish standing based on an informational injury, a plaintiff must allege "'(1) the omission of information to which [she] claim[s] entitlement, (2) adverse effects that flow from the omission, and (3) [a] nexus to the concrete interest Congress intended to protect' by requiring disclosure of the information." *George v. Rushmore Serv. Ctr., LLC*, 114 F.4th 226, 235 (3d Cir. 2024) (quoting *Kelly v. RealPage Inc*., 47 F.4th 202, 214 (3d Cir. 2022)). Notably, if a credit report contains misleading information but was never disseminated, a plaintiff does not suffer concrete harm for purposes of establishing standing. *Id.*

Wearing's sparse Complaint does not contain sufficient allegations to establish standing. This is mostly because her allegations are conclusory and undeveloped. For instance, she alleges that TransUnion repeatedly included "inaccurate" information on her credit report, but she does not explain what the "inaccurate" information is and how the presence of the four "inaccurate" accounts on her credit report caused the harm for which she seeks relief. Nor has Wearing alleged a concrete harm traceable to TransUnion's alleged failure comply with notification and/or disclosure requirements. In other words, Wearing has not tied the harm she suffered—such as the loss of her job and her depression—to TransUnion's handling of her accounts and disputes about those accounts in a manner that would support an inference of causality. *See TransUnion*, 594 U.S. at 434 ("The mere presence of an inaccuracy in an internal credit file, if it is not disclosed to a third party, causes no concrete harm."); *George*, 114 F.4th at 235 (explaining that a plaintiff "whose credit reports contained misleading information but were not disseminated," does not suffer a concrete harm that would establish standing under the FCRA); *Berkery v. Experian PLC*, No. 23-2522, 2024 WL 885118, at *1 (3d Cir. Mar. 1, 2024) (*per curiam*) ("[V]ague assertions that 'any retailer, mortgage company, or insurance company' who

reviewed his credit report during the period at issue received inaccurate information are insufficient to demonstrate that any third party actually received that report, or that the report caused a denial of credit or some other injury."); *Lockett v. Merrick Bank*, No. 26-2740, 2026 WL 2255247, at *2 (E.D. Pa. Aug. 5, 2026) (holding that plaintiff lacked standing where she did not explain how defendant's "inaccurate reporting of an allegedly unauthorized account caused the claimed harm. For instance, she has not alleged what credit cards she applied for and why they were denied, so as to support an inference that any credit denial is traceable to [Defendant's] reporting of the unauthorized account" (citing *Hayward v. USAA Fed. Sav. Bank*, No. 24-5602, 2025 WL 1094255, at *4 (E.D. Pa. Apr. 11, 2025))); *Byrd Est. v. Nationstar Mortg., LLC*, No. 24-1063, 2025 WL 3172843, at *5 (E.D. Pa. Nov. 13, 2025) (finding allegations of "economic harm, reputational damage, litigation costs, and emotional distress" to be "no more than conclusions" that "are not entitled to the assumption of truth" (citations omitted)). In sum Wearing's undeveloped allegations do not establish that she has standing to bring her FCRA claims.

## IV. CONCLUSION

For the foregoing reasons, the Court will dismiss Wearing's Complaint but will give her leave to file an amended complaint in the event she can allege sufficient facts to cure the defects identified above. If Wearing files an amended complaint, she must specifically describe how the accounts in question are inaccurate, explain what TransUnion did or did not do in handling her disputes, and clarify how TransUnion's conduct caused her concrete harm.

An appropriate Order follows, which provides further instruction as to amendment.

**BY THE COURT:**

Mary Kay Costello

**MARY KAY COSTELLO, J.**